UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X   **Case No.: 12-CV-5447(SLT)**
MORDECHAI PALACE AND CHAVA LEZELL, on behalf
of themselves and all other similarly situated consumers,

                                                   **ANSWER**

                            Plaintiffs,

       -against-

ALLIED INTERSTATE, INC.,

                            Defendant.
------------------------------------------------------------------------------X

       Defendant, Allied Interstate LLC f/k/a Allied Interstate, Inc. ("Allied"), by its attorneys Hitchcock & Cummings, LLP, as and for its answer to the complaint ("complaint") herein, alleges upon information and belief as follows:

## INTRODUCTION

       1.     Denies the allegations contained in paragraph 1 of the complaint, and respectfully refers all questions of law to the Court.

## PARTIES

       2.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

       3.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the complaint, and further respectfully refers all questions of law to the Court.

       4.     Denies the allegations contained in paragraph 4 of the complaint, and respectfully refers all questions of law to the Court.

       5.     Denies the allegations contained in paragraph 5 of the complaint, except admits that Allied maintains a place of business in Columbus, Ohio.

6. Denies the allegations contained in paragraph 6 of the complaint, except admits that Allied's business includes collection on accounts.

7. Denies the allegations contained in paragraph 7 of the complaint, except admits that at times Allied is a debt collector, and further respectfully refers all questions of law to the Court.

## JURISDICTION AND VENUE

8. Denies the allegations contained in paragraph 8 of the complaint, and respectfully refers all questions of law to the Court.

9. Denies the allegations contained in paragraph 9 of the complaint, and respectfully refers all questions of law to the Court.

## ALLEGATIONS PARTICULAR TO MORDECHAI PALACE AND CHAVA LEZELL

10. Denies the allegations contained in paragraph 10 of the complaint, but Allied admits that it attempted to collect on certain accounts of plaintiffs.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations contained in paragraph 17 of the complaint as incomprehensible.

18. Denies the allegations contained in paragraph 18 of the complaint, and respectfully refers all questions of law to the Court.

19. Denies the allegations contained in paragraph 19 of the complaint, and respectfully refers to the alleged subject letters for their contents.

20. Denies the allegations contained in paragraph 20 of the complaint, and respectfully refers to the alleged subject letters for their contents.

21. Denies the allegations contained in paragraph 21 of the complaint.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint, and respectfully refers to the alleged subject letters for their contents.

26. Denies the allegations contained in paragraph 26 of the complaint.

27. Denies the allegations contained in paragraph 27 of the complaint, and respectfully refers to the alleged subject letter for its contents.

28. Denies the allegations contained in paragraph 28 of the complaint, and respectfully refers to the alleged subject letter for its contents.

29. Denies the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint, and respectfully refers all questions of law to the Court.

31. Denies the allegations contained in paragraph 31 of the complaint.

## **FIRST CAUSE OF ACTION**

32. In response to paragraph 32 of the complaint, Allied repeats and realleges each and every response to the allegations of the complaint as contained in paragraphs 1 through 31 as if more fully set forth herein.

33. The allegations contained in paragraph 33 of the complaint do not allege facts, and therefore require neither an admission nor denial.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. Denies the allegations contained in paragraph 35 of the complaint.

36. Denies the allegations, and all of its subparts, contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. The allegations in paragraph 38 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

39. The allegations in paragraph 39 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Denies the allegations contained in paragraph 40 of the complaint, and respectfully refers all questions of law to the Court.

41. Denies the allegations contained in paragraph 41 of the complaint, and respectfully refers all questions of law to the Court.

## SECOND CAUSE OF ACTION

42. In response to paragraph 42 of the complaint, Allied repeats and realleges each and every response to the allegations of the complaint as contained in paragraphs 1 through 41 as if more fully set forth herein.

43. Denies the allegations contained in paragraph 43 of the complaint.

44. Denies the allegations contained in paragraph 44 of the complaint.

45. Denies the allegations contained in paragraph 45 of the complaint, and respectfully refers all questions f law to the Court.

46. Denies the allegations contained in paragraph 46 of the complaint, and respectfully refers all questions of law to the Court.

47. Denies the allegations contained in paragraph 47 of the complaint, and respectfully refers all questions of law to the Court.

48. Denies the allegations contained in paragraph 48 of the complaint, and respectfully refers all questions of law to the Court.

49. The allegations in paragraph 49 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

50. Denies the allegations contained in paragraph 50 of the complaint.

51. Denies the allegations contained in paragraph 51 of the complaint.

52. Denies the allegations contained in paragraph 52 of the complaint.

53. Denies the allegations contained in paragraph 53 of the complaint.

54. Denies the allegations, and all of its subparts, contained in paragraph 54 of the complaint.

55. Denies the allegations contained in paragraph 55 of the complaint.

56. The allegations in paragraph 56 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

57. The allegations in paragraph 57 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

58. Denies the allegations contained in paragraph 58 of the complaint.

59. The allegations in paragraph 59 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

60. The allegations in paragraph 60 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61 of the complaint.

## **VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRIVACY ACT**

62. Denies the allegations contained in paragraph 62 of the complaint.

63. The allegations in paragraph 63 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

64. Denies the allegations contained in paragraph 64 of the complaint.

65. Denies the allegations contained in paragraph 65 of the complaint.

66. Denies the allegations contained in paragraph 66 of the complaint.

## **FIRST AFFIRMATIVE DEFENSE**

67. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

68.     The complaint's class action allegations, and each purported cause of action brought on behalf of a class of putative plaintiffs therein, fail to state facts sufficient to establish an ascertainable class and a substantial benefit to the parties and the Court sufficient to maintain a class action.  This action also may not properly be maintained as a class action because (a) the named plaintiffs will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, and (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

**THIRD AFFIRMATIVE DEFENSE**

69.     Allied's conduct is not the actual or proximate cause of plaintiffs' alleged injury.

**FOURTH AFFIRMATIVE DEFENSE**

70.     The subject letters do not constitute unfair tactics in an attempt to collect a debt and do not contradict plaintiffs' rights.

**FIFTH AFFIRMATIVE DEFENSE**

71.     The subject letters do not constitute false threats or deceptive practices.

**SIXTH AFFIRMATIVE DEFENSE**

72.     Allied's alleged telephone calls do not constitute unfair tactics in an attempt to collect a debt and do not contradict plaintiffs' rights.

**WHEREFORE**, Allied demands judgment dismissing the complaint, together with the costs and disbursements of this action, including attorneys' fees, as well as any further relief as this Court deems just and proper.

Dated: New York, New York
January 9, 2013

By: *S/ Christopher B. Hitchcock /*
Christopher B. Hitchcock, Esq.
Attorneys for Defendant
*Allied Interstate, LLC f/k/a Allied Interstate Inc.*
120 West 45th Street, Suite 405
New York, New York 10036
(212) 688-3025

**TO:**

**ADAM J. FISHBEIN, P.C.**
*Attorney for Plaintiff*
483 Chestnut Street
Cedarhurst, New York 11516
(516) 791-4400