

120 West 45th Street, Suite 405, New York, NY 10036
Telephone (212) 688 – 3025   Facsimile (212) 688 - 3040

Christopher B. Hitchcock
Telephone Ext.: 109
Email: chitchcock@hitchcockcummings.com

May 30, 2013

**Delivered via ECF**

Judge Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Palace v. Allied Interstate, Inc.
               Case No.: 12-CV-5447

Dear Judge Townes:

      We represent the defendant, Allied Interstate, LLC f/k/a Allied Interstate Inc. ("Allied"), in the above-referenced matter.  Pursuant to Your Honor's motion practice rules, please allow this letter to serve as our request for a pre-motion conference on behalf of Allied.  Allied seeks permission to file a motion for partial summary judgment pursuant Rule 56, dismissing plaintiffs' claim under the Telephone Communications Privacy Act, 47 U.S.C. § 227 ("TCPA").[1] Enclosed is a copy of Allied's Rule 56.1 statement.

      Plaintiffs claim that during 2012 Allied left messages on plaintiffs' answering machine. *See* Exhibit A, Complaint, at ¶ 11.  Plaintiffs allege that these calls were made to an "unauthorized wireless number belonging to plaintiffs." *See Id.*, at ¶ 12.  Plaintiffs also allege that Allied improperly caused plaintiffs to incur charges for Allied's communications. *See Id.*, at

---

[1] Initially, it should be noted that the public records of this Court show that plaintiffs are experienced litigants.  Either singly or together they have filed ten other Federal Debt Collections Practices Act, 15 U.S.C. 1601 *et seq.* ("FDCPA"), and/or TCPA lawsuits in this Court just in the past year.  It strains credulity to believe that ten debt collectors violated either the FDCPA or TCPA in their communications with plaintiffs in the last year.

Judge Sandra L. Townes
Page 2
May 30, 2013

¶¶ 14, 16. Allied requests permission to file a motion for summary judgment dismissing plaintiffs' TCPA claim because plaintiffs cannot demonstrate (a) that Allied placed calls to a wireless number (or cellular telephone) or (b) that plaintiff was charged for the calls that Allied allegedly placed.

During the course of discovery, plaintiffs disclosed that the telephone number at issue is (845) 474-0269. *See* Exhibit B. Plaintiffs also stated that the telephone number is part of a "pay as you go plan" provided by Page Plus Wireless, and plaintiffs further claim to have incurred a charge of $.04 per call. *See Id*.

Allied has provided plaintiffs a telephone directory listing that shows the (845) 474-0269 to be a landline, not a cellular telephone. *See* Exhibit C. In response, plaintiff has failed to provide a single document that demonstrates the telephone number at issue is for a cellular phone or that plaintiffs were charged for any calls to this number. Plaintiffs claim they paid cash for the service, and therefore do not have any bills, contracts, receipts or other documentation to support their claims.

Critical to plaintiffs' TCPA claim is that calls were made to "telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier services, or any services for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). However, plaintiffs cannot meet their burden of proof by simply claiming, without any supporting proof, that calls were made to their "cellular telephone service" or that they were "charged for the call."

For these reasons, Allied respectfully requests permission to move for partial summary judgment dismissing plaintiffs' TCPA claims. We are available at the Court's convenience to discuss Allied's proposed motion.

                Respectfully Submitted,

                *S/ Christopher B. Hitchcock/*

CBH/jb                 Christopher B. Hitchcock

Encl.

cc:    Adam J. Fishbein, Esq. (Via ECF)